

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| CORRIE CULLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:04-983-HFF-BHH |
| | § | |
| ANDERSON AREA MEDICAL CENTER, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND GRANTING, IN PART, DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

## I.    INTRODUCTION

This is an employment discrimination case filed pursuant to Title VII of the Civil Rights Act

of 1964 and 42 U.S.C. § 1981.  Plaintiff also asserts state law claims for breach of contract, breach

of the covenant of good faith and fair dealing, retaliation and race discrimination in violation of the

S.C. Code Ann. § 1-13-80, breach of contract accompanied by a fraudulent act, and slander.  The

matter is before the Court for review of the report and recommendation (Report) of the United States

Magistrate Judge in which she recommends that the Court (1) grant summary judgment for

Defendant on Plaintiff's claims under federal law and (2) dismiss Plaintiff's state law claims

1

pursuant to 28 U.S.C. § 1367(c)(3).  The Report is made in accordance with 28 U.S.C. § 636 and

Local Civil Rule 73.02 for the District of South Carolina.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the Court.

*See Matthews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo*

determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may

recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

U.S. Magistrate Judge Bruce H. Hendricks filed her Report on July 29, 2005.  Plaintiff timely

filed his objections to the Report on August 22, 2005, and Defendant timely filed its objections on

the same date.  Plaintiff objects to the portions of the Report in which the Magistrate recommends

that summary judgment for Defendant be granted on Plaintiff's claims under federal law, and

Defendant objects to the Magistrate's recommendation that Plaintiff's state law claims be dismissed.

## III.     DISCUSSION

In light of the standard set out above, the Court has reviewed, *de novo,* the Report, the

pleadings, and other materials in the record.  The Court finds the Magistrate's Report to be proper,

and it accepts and incorporates it into this Order.

As noted by the Magistrate, a plaintiff seeking to recover under Title VII or Section 1981 for

race discrimination must initially establish a *prima facie* case of discrimination.  *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  Second, if the plaintiff makes this showing, a

defendant-employer must articulate a legitimate, non-discriminatory reason for its actions.  *Id.*  If the

2

defendant-employer meets this burden, then the plaintiff must establish *by a preponderance of the evidence* that the reason articulated by the employer is a pretext to mask unlawful discrimination. *Id.* (emphasis added).  Here, the Magistrate concluded that Plaintiff met his burden of presenting *prima facie* evidence of discrimination with regard to his suspension for allegedly falsifying documents, his subsequent termination for possessing a salary book, and his retaliation claim. Defendant does not dispute this conclusion of the Magistrate.  The Magistrate also concluded that Defendant had articulated a legitimate, non-discriminatory reason for terminating Plaintiff's employment, namely a series of violation of policies by Plaintiff.  Thus, the Magistrate concluded that the deciding factor for purposes of Defendant's motion for summary judgment was whether Plaintiff could establish that Defendant's articulated reasons for terminating Plaintiff were merely a pretext to mask unlawful discrimination.

In a typical race discrimination case under Title VII or Section 1981, a plaintiff, to meet his burden of showing that the defendant-employer's articulated reasons were merely a pretext, must demonstrate more than the untruthfulness of the asserted reasons.  In so doing, a plaintiff must establish that a factfinder would affirmatively believe his explanation of intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 539 U.S. 133, 147 (2000).  The Supreme Court, however, has also noted that in some cases a plaintiff's *prima facie* showing, when combined with sufficient evidence to find that the justification asserted by the employer is false, can create an inference that the defendant's proffered reason is a pretext for intentional discrimination. *Id.* at 147-48.

In the instant case, Plaintiff relies on this language to assert that a combination of his *prima facie* case and Defendant's alleged falsity satisfies his burden of proving that Defendant's reasons

3

for termination were a mere pretext.  In support of his allegation, Plaintiff cites six occasions where Defendant allegedly punished Plaintiff more harshly for employment violations than co-workers who had committed similar breaches.  Plaintiff's Objections at 2-3.  Plaintiff, however, fails to produce evidence to support any of these allegations of disparate treatment.

First, as to the allegation of disparate treatment for possession of a salary book, Plaintiff's only pieces of evidence are two depositions which do not establish that other employees had access to salary information but only that Plaintiff alleged that these employees had access.  Further, the testimony of these employees indicates that they did not have any access to these materials whatsoever.  Second, as to the allegation of disparate treatment with regard to failure timely to complete an assignment, the Court agrees with the Magistrate Judge's conclusion that this incident played no part in Plaintiff's termination by Defendant.  In reaching this conclusion, the Court notes the time which elapsed between the two incidents and the fact that Plaintiff received promotions and pay increases after this incident.  Third, as to Plaintiff's hacking program allegations, Plaintiff seeks to compare Defendant's disciplinary actions against him for manipulating a work order with Defendant's non-action against two employees who used a computer hacking program. Clearly, alteration of a work order differs substantially from mere possession–with no evidence of use–of a computer hacking program.  Thus, the conduct of Plaintiff and the other employees in question is not similar enough to warrant comparison under a disparate treatment analysis.  *See Heyward v. Monroe*, 166 F.3d 332 (4th Cir. 1998) (unpublished table decision) (citing with approval proposition that race discrimination plaintiff must show he "engaged in same conduct" as a non-protected employee).  Fourth, Plaintiff's allegation of disparate treatment with regard to network and palm pilot access must also fail.  While Plaintiff alleges that Defendant failed to discipline white

4

employees who permitted unauthorized access, it appears from the record that the "unauthorized" access about which Plaintiff complains took place prior to Defendant's institution of a policy restricting access to those who completed a certification course. Therefore, any access "unauthorized" access of Defendant's network by these employees was actually authorized, or at least not specifically unauthorized, at the time. In addition, Plaintiff's claim of disparate treatment here fails to meet the "same supervisor. . . same standards. . . same conduct" requirements articulated by the Court of Appeals in *Heyward*. Finally, Plaintiff alleges that he was punished for having unauthorized material on his computer while another employee was not punished for the same offense. Again, Plaintiff seeks to compare disciplinary actions of Defendant taken in response to different conduct by Plaintiff and another employee. Here, Plaintiff was disciplined for having a salary book, which contained information from Defendant's personnel department, on his computer while another employee was not disciplined for having offensive photographs on her computer. This conduct differs enough to justify disparate responses by Defendant.

In sum, after reviewing the record, the Report, and Plaintiff's objections, the Court finds that Plaintiff has failed to establish that any genuine issues of material fact exist as to his termination or retaliation claims under Title VII and Section 1981.[1]

Further, the Court has reviewed Defendant's objections to dismissal of Plaintiff's state law claims and finds that they should be overruled. District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995). "[W]hen a district court may

---

[1] The Court has likewise reviewed Plaintiff's other objections but finds them to be without merit and overrules them.

relinquish jurisdiction over a . . . case involving [supplemental] claims, the court has discretion to remand the case to state court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).  In its discretion, the Court has considered "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  *Shanaghan*, 58 F.3d at 110.  Having weighed those factors, the Court concludes that the remaining state claims should be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

It is therefore ordered that the Report be accepted and incorporated herein to the extent that it does not contradict this Order, that Plaintiff's and Defendant's objections be overruled, and that Defendant's motion for summary judgment on Plaintiff's claims under Title VII and Section 1981 be **GRANTED**.  It is further ordered that Plaintiff's claims under South Carolina law be **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 26th day of August, 2005 in Spartanburg, S.C.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE